# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Criminal Action No. 22-cr-00291-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ANDRE EDWARD VANDER,

    Defendant.

---

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

---

This matter is before the Court on the Unopposed Motion to Terminate Supervised Release (the "Motion" or "Motion for Early Termination of Supervised Release") filed on July 6, 2023 by Andre Edward Vander ("Mr. Vander") [Doc. 4]. The United States Probation Office ("USPO") and the United States have each filed Responses in support of Mr. Vander's request. *See* [Doc. 7; Doc. 8]. The Court concludes that it may rule on Mr. Vander's Motion without the benefit of a reply brief. For the reasons set forth in this Order, the Motion for Early Termination of Supervised Release is respectfully **GRANTED**.

## BACKGROUND

On March 19, 2020, Mr. Vander was sentenced in the Western District of North Carolina to 57 months' imprisonment after pleading guilty to one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). [Doc. 1-1 at 1]. He was also sentenced to three years' supervised release. [*Id.* at 3]. Mr. Vander was released from custody on June 13, 2022, *see* [Doc. 4 at 2], and has served approximately 13 months of his term

of supervised release. [*Id.*]. Jurisdiction over Mr. Vander's supervised release was transferred to this District on September 21, 2022. [Doc. 1 at 1].

Through counsel, Mr. Vander has filed a Motion for Early Termination of Supervised Release, asking the Court to terminate the remainder of his supervised release term. *See generally* [Doc. 4]. The USPO "supports the defendant's motion for early termination," [Doc. 8 at 2], and the Government similarly does not oppose Mr. Vander's requested relief. [Doc. 7 at 2–3]. The Court considers Mr. Vander's request below.

## LEGAL STANDARD

Congress established the system of supervised release in 1984, *United States v. Haymond*, --- U.S. ----, 139 S. Ct. 2369, 2382 (2019), with the intention to "assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Indeed, unlike parole, "supervised release wasn't introduced to replace a portion of the defendant's prison term, only to encourage rehabilitation *after* the completion of his prison term." *Haymond*, 139 S. Ct. at 2382 (citing United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012) (emphasis in original)). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 53–54.

A trial court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In so doing, the Court considers certain sentencing factors set forth in 18 U.S.C. § 3553, including:

- The nature and circumstances of the offense and the history and characteristics of the defendant;

- The need for the sentence imposed to afford adequate deterrence to criminal conduct;

- The need for the sentence imposed to protect the public from further crimes of the defendant;

- The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant;

- Any pertinent policy statements;

- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); *see also* 18 U.S.C. § 3583(e) (permitting a court to terminate supervised release after considering "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). Whether to grant a motion to terminate a term of supervised release is in the Court's discretion. *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

## ANALYSIS

Mr. Vander argues that his term of supervised release should be terminated early because the relevant factors under § 3553(a) weigh in favor of his request. [Doc. 4 at 3–9].

The Court first considers the nature and circumstances of the offense and the history and characteristics of Mr. Vander. 18 U.S.C. § 3553(a)(1). Mr. Vander does not dispute that his offense was serious, but states that he played a limited role in the conspiracy relative to his co-conspirators and notes that his offense did not involve violence or weapons. [Doc. 4 at 3, 6]. Most notably, in 2010, Mr. Vander absconded prior to the entry of his anticipated guilty plea and avoided punishment for his offense for nearly nine years. *See* [*id.* at 1]. But he has since served 57 months' incarceration, and the USPO assesses Mr. Vander's Post-Conviction Risk Assessment ("PCRA")

3

at the "low moderate" level—according to the USPO, defendants in this category have a 9% re-arrest rate and a 2% revocation rate in the first six months of supervision, and "intensive interventions with this population have little impact and may increase their risk of recidivism." [Doc. 8 at 1]. In addition, Mr. Vander was placed on the Low Risk Supervision caseload on April 12, 2023, "due to his continued supervision compliance." [*Id.* at 2]. The USPO represents that Mr. Vander has complied with all conditions of his supervised release and has paid his special assessment fee in full. [*Id.*].

The Court also notes that since his release, Mr. Vander has maintained stable employment; his boss describes him as a motivated and dependable employee. [Doc. 4-5 at 1]. He is currently taking online courses toward an AutoCAD certificate. [Doc. 4 at 5]; *see also* [Doc. 4-6]. Furthermore, Mr. Vander has submitted a number of character letters, some of which were submitted at his original sentencing, which demonstrate strong familial and community relationships. [Doc. 4-7; Doc. 4-8]. Accordingly, the Court finds that the nature of circumstances of Mr. Vander and his underlying offense weigh in favor of early termination. 18 U.S.C. § 3553(a)(1); *see also United States v. Shaw*, 445 F. Supp. 3d 1160, 1167 (D. Colo. 2020) (finding that the defendant's behavior and conduct warranted early termination where the defendant maintained steady employment and stable housing, had paid his court-ordered fines and restitution, had strong familial relationships, and had demonstrated a "dedication to becoming a positive role model and outstanding citizen").

With respect to the need to afford adequate deterrence to criminal conduct and to protect the public from future crimes of the defendant, *see* 18 U.S.C. §§ 3553(a)(2)(B), (C), the Court acknowledges that Mr. Vander avoided punishment for several years by absconding to Costa Rica. But Mr. Vander's abscondment was reflected in his 57-month sentence, *see* [Doc. 4 at 4], and the

4

fact that he absconded does not, in the Court's view, automatically preclude early termination of his supervised release. *See United States v. Perrin*, No. 3:12-CR-00005, 2022 WL 16944460, at *1 (W.D. Va. Nov. 3, 2022); *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011) (explaining that supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)"). Moreover, given Mr. Vander's post-incarceration conduct and representations in his Motion, plus the USPO's assessment that Mr. Vander is at a low risk of offending again, the Court does not identify any circumstances signifying a need to protect the public from future crimes of Mr. Vander. *See* 18 U.S.C. § 3553(a)(2)(C); *United States v. Avery*, No. 7:16-CR-00011, 2021 WL 3113503, at *2 (W.D. Va. July 22, 2021) (granting motion for early termination because, "[b]ased on the history and characteristics of the defendant[,] . . . continued supervision no longer promote[d] the goals of deterrence").

In addition, the Court considers the sentencing range for Mr. Vander's offenses, 18 U.S.C. § 3553(a)(4), and the need to avoid sentencing disparities. *Id.* § 3553(a)(6). The sentencing range for Mr. Vander's offense was 57 to 71 months, with a supervised release range of one to three years. [Doc. 1-2 at 1]. Mr. Vander, notes, however, that in 2021, the average sentence for marijuana trafficking charge was 30 months' imprisonment. [Doc. 4 at 8]; *see also Quick Facts: Marijuana Trafficking Offenses*, United States Sentencing Commission, available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Marijuana_FY21.pdf (last visited July 25, 2023). He thus argues that because his sentence was nearly double the average sentence length for his offense, there should be no concern about sentencing disparities. [Doc. 4 at 8]. Although this argument does not, and likely cannot, account for the numerous case-specific circumstances that result a particular sentence, the Court nevertheless agrees with Mr. Vander that early termination would not create any unwarranted

5

sentencing disparities, given that Mr. Vander has served a 57-month sentence and has completed one year of supervised release.

After weighing the § 3553(a) factors, the Court concludes that early termination of Mr. Vander's supervised release is appropriate. The Motion for Early Termination of Supervised Release is, therefore, **GRANTED**.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1) The Unopposed Motion to Terminate Supervised Release [Doc. 4] is **GRANTED**; and

(2) The United States Probation Office is directed to process the early termination of Mr. Vander's supervised release.

DATED: July 25, 2023          BY THE COURT:

_____
Nina Y. Wang
United States District Judge

6